# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

### Petition for Warrant or Summons for Person Under Supervision

Name of Defendant: Marchane Turner                Case Number: 0206 1:21CR00183-001

Name of Sentencing Judicial Officer: Honorable Glenn T. Suddaby, U.S. District Judge

Date of Original Sentence: February 2, 2023

Date of Amended Sentence: April 9, 2024

Original Offense: Felon in Possession of a Firearm

Original Sentence: Seventy-Six (76) months imprisonment and Three (3) years' Supervised Release

Amended Sentence: Sixty (60) months imprisonment and Three (3) years' Supervised Release

Type of Supervision:  Supervised Release                Date Supervision Commenced: March 9, 2026

Asst. U.S. Attorney: TBD                Defense Attorney: Timothy Austin

---

### PETITIONING THE COURT

☒        To issue a warrant

☐        To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **Standard Condition: "You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame."**<br><br>The defendant was released from imprisonment on March 9, 2026, but failed to report to or contact the probation office in the Northern District of New York within 72 hours of his release.  His current whereabouts are unknown.<br><br>*This conduct constitutes a Grade C Violation. Evidence in support of this violation includes Probation Officer testimony.* |

1

U.S. Probation Officer Recommendation:

The term of supervision should be:

☒      Revoked

☐      Extended for Extension years, for a total term of Total Term years

☐      The conditions of supervision should be modified as follows:
Modify Conditions

I declare under penalty of perjury that the foregoing is true and correct.

Approved by:

Chelsea Deyo
Supervisory U.S. Probation Officer

Executed on:      March 17, 2026

Submitted by:

Thomas M. Carey
U.S. Probation Officer

---

Name of Offender:      Marchane Turner              Case Number: 0206 1:21CR00183- 001

THE COURT ORDERS:

☐      No Action

☐      The Issuance of a Summons

☐      Other

☒      The Issuance of a Warrant.  This petition and all documents attached hereto are **SEALED** until such time as the warrant generated by this petition is returned executed.

2

☒     The U.S. Probation Office is authorized to release documents identified within the petition as evidence supporting the violation to the U.S. Attorney's Office. The U.S. Probation Office is also authorized to release the Presentence Report to counsel.

☐     All court appearances, including the initial appearance and detention hearing, will be handled by this judicial officer.

The District Court Clerk's Office is hereby **ORDERED <u>NOT</u>** to serve a copy of this petition or any of the attached documents upon anyone EXCEPT that a copy is to be served upon law enforcement personnel.  Copies shall be served upon the unsealing of the petition.

_____
Honorable Glenn T. Suddaby
U.S. District Judge

   March 17, 2026
_____
Date

## Violation Guideline Calculation

| | |
|---|---|
| Most Serious Grade of Violation (see §7B1.1(b)) | Grade C |
| Criminal History Category (see §7B1.4(a)) | V |
| Range of Imprisonment (see §7B1.4(a)) | 7-13 months |
| Maximum Term of Imprisonment (see 18 U.S.C. § 3583(e)(3), 18 U.S.C. § 3565(a)) | 2 years |

In this case, the defendant was originally convicted of a **Class C Felony** and therefore, the Court may not impose a sentence of more than **2 years'** imprisonment pursuant to 18 U.S.C. § 3583(e)(3). The Court may sentence the defendant to a period of supervised release of **up to 3 years** , less any term of imprisonment that was imposed upon this and prior revocations of supervised release, pursuant to 18 U.S.C. § 3583(h).

**Sentencing Options for Grade B and C Violations Only** (Check the appropriate box):

☐      **(a)** If the minimum term of imprisonment determined under §7B1.4) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒      **(b)** If the minimum term of imprisonment determined under §7B1.4 is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐      **(c)** If the minimum term of imprisonment determined under §7B1.4 is more than ten months, no sentencing options to imprisonment are available.

**Unsatisfied Conditions of Original Sentence** (List any restitution fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution | N/A | Community Confinement | N/A |
| Fine | N/A | Location Monitoring | N/A |
| Other | N/A | Community Service | N/A |

**Departure:**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

**Official Detention Adjustment** (see §7B1.3(e)): **Months months** Days days

4

**Supervision Summary:**

On February 2, 2023, Marchane Turner was sentenced by Your Honor to seventy-six months imprisonment and three years' supervised release following his conviction of Felon in Possession of a Firearm. On April 9, 2024, the defendant's imprisonment period was reduced to 60 months based on a guideline sentencing range that has been subsequently lowered and made retroactive by the U.S. Sentencing Commission. The defendant commenced his term of supervised release on March 9, 2026.

On October 29, 2025, our office received a supervised release plan from the defendant's case manager at USP Big Sandy indicating Turner was going to reside with his father, Ruben Turner, at 1313 3rd Ave in Schenectady upon his release from imprisonment on March 9, 2026.

On January 7, 2026, this Officer spoke with the defendant's father via telephone. Mr. Turner informed this Officer that he has not spoken with the defendant in over six months and he does not know if the defendant's plan was still to reside with him. Additionally, he informed this Officer that the address Turner put on his supervised release plan was his old address and his current address is 14 Clare Ave in Albany, NY.

On January 13, 2026, this Officer emailed the defendant's case manager at USP Big Sandy, Patrick Rice, advising him that per the defendant's father, he has not spoken with the defendant in over six months, and he does not know if the defendant's plan was still to reside with him. This Officer requested that the defendant contact his father to confirm plans. Additionally, this Officer provided the updated address of his father. On January 20, 2026, Mr. Rice sent an email to this Officer indicating he had spoken with the defendant, and he confirmed his plan to live with his father upon his release. This Officer contacted Mr. Turner and informed him that the defendant had verified he was planning to reside with him upon his release from incarceration. Mr. Turner expressed understanding but said he still has not spoken with the defendant. Despite that, Mr. Turner said he would allow the defendant to reside with him.

On March 9, 2026, this Officer contacted Ruben Turner via telephone. Mr. Turner said that he still has not heard from the defendant, which at this point would have been over eight months since their last communication. This Officer advised Mr. Turner that the defendant was released from incarceration today and he should be making his way back to the Northern District of New York. Mr. Turner was asked to contact this Officer when he hears or sees the defendant as he is to report to the probation office within 72 hours of his release. Mr. Turner expressed an understanding.

On March 12, 2026, this Officer contacted Ruben Turner via telephone. Mr. Turner informed this Officer that he has not seen nor heard from the defendant, and he does not know where he is. He stated the defendant had reportedly contacted an uncle, but Ruben did not want to get the uncle involved in the defendant's legal business. Ruben informed this Officer that the defendant is always in the Albany area and that he would not see him right away, but they will "catch up eventually." He was encouraged again to contact this Officer should he hear from the defendant. Mr. Turner expressed an understanding.

5

Prob 12C
(rev. 09/21)

On March 13, 2026, this Officer contacted case management at USP Big Sandy via email to see if the defendant provided any updated information as to where he would be residing before he was released on March 9, 2026, as this Officer has not seen nor heard from him. On March 16, 2026, this Officer received an email from Ethan Osborne, case manager at USP Big Sandy, stating the defendant would be residing at 1313 3rd Ave in Schenectady, which was his father's old address.

As of the writing of this petition, the defendant's whereabouts are unknown. He has failed to make any attempt to contact the probation office since his release from imprisonment on March 9, 2026, and it appears he has absconded from supervision. Therefore, our office is respectfully recommending a warrant be issued for Turner's arrest.